UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBDULIO NOE LOPEZ<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL DETENTION FACILITY, et al.,<br><br>                              Respondents. | Case No.: 26-cv-2746-JES-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Obdulio Noe Lopez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), now the operative Petition in this matter. ECF No. 6 ("FAP"). Pursuant to the Court's order, Respondents filed a Return, and Petitioner filed a Traverse. ECF Nos. 9 ("Return"), 10 ("Traverse"). The Return clarified additional facts about the case, causing the Traverse to raise new arguments. *See id*. The Court granted leave for the parties to file supplemental briefing on the issues raised in the Traverse in the interest of justice. ECF No. 11. Both parties filed supplemental briefs. ECF Nos. 12, 13. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a native and citizen of Guatemala who entered this country in 1990. FAP at 2. He applied for asylum and other forms of relief from within the United States, and has remained in the country for thirty-six years since. *Id.*

On October 19, 2011, an immigration judge ("IJ") denied all forms of relief. Return at 3. Petitioner timely appealed. *Id.* His appeal was dismissed, and his order of removal became final on May 21, 2013. *Id.*

On November 17, 2025, Petitioner was detained by immigration and customs enforcement ("ICE") while at a café looking for work. *Id.*; FAP at 2. ICE improvidently issued Petitioner a new alien identification number ("A number"), and initiated new removal proceedings. Return at 3. On April 13, 2026, an IJ noticed the error and terminated Petitioner's second removal proceedings. *Id.*

Petitioner did not understand his status following the termination of his second removal proceedings, and initially filed a petition raising prolonged detention claims which apply to individuals without final orders of removal. *See generally*, FAP. Respondents clarified Petitioner's status and their error in the issuance of a second A number in the Return, and correctly pointed out that the final order of removal defeated the claims in the Petition. *See generally*, Return. Petitioner filed a Traverse raising claims arising from prolonged detention after a final order of removal. *See generally*, Traverse. Those claims are now fully briefed by the parties. *See* ECF Nos. 12, 13.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas

2

26-cv-2746-JES-AHG

corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

Petitioner argues that his detention has become unconstitutionally prolonged without a significant likelihood of removal, in violation of due process under *Zadvydas v. Davis*, 533 U.S. at 690. Traverse at 2. Respondents disagree, arguing that they have shown a significant likelihood of Petitioner's removal. ECF No. 12 at 3.

After an immigration court enters a final order of removal, the case is no longer pending and the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government may hold the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

First, the six-month presumptively reasonable period has passed for Petitioner. Courts in the Ninth Circuit, and most courts across the country, calculate detention "cumulatively based on all post-removal order detentions to determine whether *Zadvydas*'s

26-cv-2746-JES-AHG

presumption of reasonableness is exceeded." *Phan v. Warden of Otay Mesa Det. Facility*, Case No.: 25-cv-02369-AJB-BLM, 2025 WL 3141205, at *3 (S.D. Cal. Nov. 10, 2025) (collecting cases). Petitioner has been in detention since November 17, 2025, over six months at the publishing of this order. Thus, the Court must consider whether Respondents have shown that Petitioner's removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699-700.

Under *Zadvydas*, the burden is on the petitioner to first provide a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If the petitioner makes this showing, then the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.*

Here, the Court finds that Petitioner has met his initial burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Petitioner argues that thirteen years have passed since his order of removal became final, and the government has been unable to remove him. Traverse at 2; *see Azzo v. Noem et al.*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *3 (S.D. Cal. Dec. 10, 2025) (finding initial burden met under similar situation).

Thus, the Court must evaluate Respondents' evidence regarding why removal of Petitioner is reasonable in the foreseeable future. Respondents submit a declaration from an ICE Deportation Officer that states the following:

11. ICE is not seeking to remove Petitioner to a third country.

12. ICE has worked diligently to effectuate Petitioner's removal to Guatemala.

13. Guatemalans do not require travel documents to travel to Guatemala.

14. Removal efforts remain ongoing. ICE is in the process of identifying a removal flight for Petitioner. Once ICE identifies and schedules a flight for Petitioner, his removal can be effectuated promptly.

ECF No. 12-1 ¶¶ 11-14.

4

26-cv-2746-JES-AHG

While the Court does not doubt that Respondents are working to secure Petitioner's removal, the evidence does not support that it is reasonably likely in the foreseeable future. The Zadvydas Court rejected the Fifth Circuit's "good faith" standard for removal efforts, clarifying that something more was needed. 533 U.S. at 702. Lower courts, including this one, have followed suit and found that diligence and good faith efforts alone is not sufficient to show a significant likelihood of removal. *See Grishchenko v. Noem*, No. 25-CV-3514-JES-JLB, 2025 WL 3675070, at *2 (S.D. Cal. Dec. 17, 2025) (rejecting argument that the government's good faith and/or diligent effort is sufficient); *Conchas-Valdez v. Casey*, No. 25-cv-02469-DMS-JLB, 2025 WL 2884822 at * 3 (S.D. Cal. Oct. 6, 2025) (same); *Joseph v. Casey*, 817 F. Supp. 3d 962, 965 (S.D. Cal. 2025) (same). Respondents' arguments regarding Guatemalans not needing travel documents mirrors the speculative, non-individualized arguments they have made in other cases that courts have rejected. *Azzo*, 2025 WL 3535208, at *3 (rejecting argument regarding "recent developments in international relations between the United States and several other countries have made probable ICE's removal of immigrants"); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur."). Respondents make no assertions regarding their prior success in removing Guatemalans to Guatemala. And, as Petitioner points out, Respondents do not claim to have corresponded with Guatemalan officials regarding Petitioner's removal, or address the circumstances which attenuate Petitioner's connection to Guatemala, including the fact that he has not been there in 36 years. ECF No. 13 at 3.

Respondents have had 13 years to remove Petitioner to Guatemala, and have now had him in custody for over six months without any evidence that removal is more likely now than it was when they first detained him. The Court concludes that Respondents have not met their burden under *Zadvydas*. *See also Grishchenko*, 2025 WL 3675070, at *2 (finding burden not met when ICE failed to removal the petitioner on several occasions and fail to identify any potential third party countries which might accept the petitioner);

26-cv-2746-JES-AHG

*Azzo*, 2025 WL 3535208, at *4 (finding burden not met with general allegations that ICE and ERO was "in process of identifying third countries" that may accept the petitioner).

Accordingly, Petitioner's habeas petition is **GRANTED** on this ground.

### IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to immediately release Petitioner from custody, subject only to any pre-existing conditions of his release. The Parties are **ORDERED** to file a Joint Status Report no later than **<u>June 2, 2026</u>**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 29, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-2746-JES-AHG